## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| **CYNTHIA POPE** | ) |
| | ) |
| | ) |
| Plaintiff, | ) **Case No.:** |
| | ) |
| vs. | ) |
| | ) |
| **BOARD OF EDUCATION OF CHICAGO** | ) |
| **PUBLIC SCHOOL DISTRICT # 299, and** | ) |
| **CHERYL COLSTON,** | ) |
| | |
| Defendants | |

### COMPLAINT

Now comes the plaintiff, Cynthia Pope, by and through their attorney, Steven E. Glink, pursuant to and 42 USC 1983, et seq. and complaining against the defendants, state as follows.

### JURISDICTION

1. This action is brought pursuant to the First and Fourteenth Amendment to the United States Constitution and 42 USC 1983 et. seq. There are also pendent state claims alleged herein.

2. Jurisdiction is proper pursuant to 28 USC 1331

3. Venue is proper pursuant to 28 USC 1392.

### THE PARTIES

4. At all times relevant to this Complaint, at the times of the occurrences alleged herein, Pope was employed by the Chicago Public Schools ("CPS") as a teacher.

5. At all times relevant to this complaint, Cheryl Colston was employed by CPS as the director of Labor and employee relations.

6. At all times relevant to this complaint, the Board of Education ("The Board") was a body of citizens selected and duly authorized and empowered by law to make all decisions necessary to effectuate the operation of the school district.

- 1

7. Chicago Public School District # 299 ("the District") and the Board are body politics organized pursuant to various laws of the State of Illinois, including but not limited to the Illinois School Code, 105 ILCS 5/10-1. et seq.

8. The District is a recipient of federal and state funds. All individual defendants are sued in their official capacities.

9. At all times relevant to the events alleged in the Complaint, all defendants acted under color of law via the power and authority of granted to them by State law.

## FACTS COMMON TO ALL COUNTS

10. From 2005 until 2010, from time to time, plaintiff was employed by the defendant Board as a teacher.

11. From 2005-2007, plaintiff was employed at the Hansen Park School as a day-to-day substitute teacher.

12. Plaintiff was a full time teacher at Hansen Park School for the 2007-2008 school year.

13. On or about, May 1, 2008, plaintiff's employment at Hansen Park School was "non-renewed" by the Board.

14. Shortly after her first non-renewal, plaintiff was able to obtain re-employment as a full time teacher by the board at The Mcnair Academic Center School for the 2008-2009 and 2009-2010 school years.

15. On May 7, 2010, plaintiff received her second non-renewal notice from the district (a copy of said letter is attached hereto as exhibit A).

16. In the same letter (exhibit A), then CEO Ronald Huberman informed the plaintiff that she had 10 months from the date of the letter to seek reemployment in the district.

17. Within 10 months from the date of Huberman's letter, plaintiff did obtain an offer of employment from the Hansen Park School.

18. In accordance with Board rules and policy, the assistant principal at Hansen Park informed CPS' department of labor and employee relations of the school's intent to hire the plaintiff. Shortly after that, the assistant principal was informed by defendant Colston that she could not hire plaintiff because plaintiff was on a CPS "do not hire"

("DNH") list. The assistant principal then informed plaintiff of defendant Colston's decision.

19. Prior to that moment, plaintiff had not been informed or notified that she was on any DNH list.

20. Plaintiff then sought an explanation and removal of her name from the DNH list. In response, defendant Colston issued plaintiff a letter explaining that plaintiff was placed on the DNH list because it was her second non-renewal. (A copy of which is attached hereto as exhibit B).

21. Plaintiff was given no opportunity to discuss either non-renewal with defendant Colston or any CPS manager.

22. On information and belief, once a person is placed on the DNH list, that person is forever barred from ever seeking re-employment with the district.

23. On information and belief, the DNH list is not authorized by any official board action. Rather, the DNH list was created at the discretion of defendant Colston.

24. On information and belief, despite the fact that the DNH list was not authorized by any official Board action, the Board was aware of it and acquiesced in its usage and implementation.

25. Plaintiff has paid legal fees in an attempt to rectify this situation.

## COUNT I-VIOLATION OF PLAINTIFF'S FEDERAL RIGHT TO DUE PROCESS AND EQUAL PROTECTION

26. Plaintiff realleges her allegations in paragraphs 1-23 as her allegations for count I.

27. Plaintiff had a right to seek re-employment at another CPS school by virtue of Huberman's letter.

28. Plaintiff's rights to due process of law were violated in this case because, by Huberman's letter, she had a right to seek re-employment with the district. However, Colston's unilateral actions of placing plaintiff on the DNH list without Board authorization denied plaintiff of her right to seek re-employment, particularly when she had already obtained a job offer.

29. Colston's action in creating the DNH list and unilaterally determining who is placed on that list and why violates plaintiff's rights to due process and equal protection.

30. Creating a permanent prohibition against re-employment based solely on two non-renewals of previous employment with no meaningful opportunity to respond to the non-renewals violates plaintiff's rights to due process and equal protection of the law.

31. On information and belief, the CEO's office, executive administrative personnel at CPS and the Board had actual and constructive knowledge of the existence of the custom, practice and policy of the DNH list.

32. Despite having actual and constructive knowledge of all of the above, neither the CEO or any other executive administrator nor the Board took any action to stop or deter Colston's actions against the plaintiff.

33. As a direct and proximate result of the defendants' actions and/or inactions, plaintiff lost a job and suffered severe emotional harm to her personal and professional reputation.

Wherefore, plaintiff respectfully prays that this Honorable Court enter judgment in her favor and against all defendants, jointly and severally in an amount in excess of $75,000 plus costs and reasonable attorney's fees.

## COUNTII-DECLARATORY JUDGMENT

34. Plaintiff realleges her allegations contained in paragraphs 1-30 above as her allegations her for count II.

35. Plaintiff believes that she is entitled to be immediately employed as a teacher in the CPS.

36. On information and belief, defendants do not believe that plaintiff is entitled to immediate employment with the district.

37. There is a case and a controversy between the parties.

Wherefore, plaintiff respectfully prays that this Honorable Court determine the rights of the parties, specifically, whether the plaintiff is entitled to immediate employment as a teacher in the CPS based upon CEO Huberman's letter.

COUNT III- INFLCTION OF EMOTIONAL DISTRESS (PENDENT STATE CLAIM)

38. Plaintiffs reallege their allegations in paragraphs 1-30 above as their allegations herein.

39. Defendants' conduct as described herein is extreme and outrageous.

40. Colston's conduct is particularly extreme and outrageous as she has used her power over the plaintiff to deny her employment despite her awareness of the CEO's letter informing the plaintiff that she had the right to secure employment within 10 months of May 7, 2010.

41. Plaintiff did suffer severe emotional distress as each plaintiff was forced to take medical leaves of absence.

Wherefore, plaintiffs respectfully pray that this Honorable Court enter judgment against the defendants jointly and severally in favor of each plaintiff, in an amount in excess of $75,000.00 plus costs and attorney's fees.

Respectfully Submitted,

By: s/STEVEN E. GLINK
STEVEN E. GLINK

LAW OFFICES OF STEVEN E. GLINK
ATTORNEY FOR PLAINTIFF
ARDC # 6180869
3338 COMMERCIAL AVENUE
NORTHBROOK, ILLINOIS 60062
847/480-7749 (Voice)
847/480-9501 (Facsimile)